UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15)

**JS-6: Remanded**

## I. Introduction

On April 3, 2019, Paul E. Loeb ("Plaintiff"), on behalf of himself and all others similarly situated, brought this putative class action in the Los Angeles Superior Court against ZipRecruiter, Inc. ("Defendant"), and Does 1 through 50. Dkt. 1-2. The Complaint advances five causes of action: (i) failure to provide standalone disclosures in violation of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681b(b)(2)(A); (ii) failure to make disclosures in violation of the FCRA, 15 U.S.C. §§ 1681d(a)(1) and 1681g(c); (iii) failure to pay vacation wages in violation of Cal. Lab. Code § 227.3; (iv) failure to provide accurate written wage statements in violation of Cal. Lab. Code § 226(a); and (v) failure to timely pay all final wages in violation of Cal. Lab. Code §§ 201-203. *Id.*

On May 16, 2019, Defendant removed the action on the basis of federal question jurisdiction. *Id.* at 2. On July 10, 2019, Plaintiff filed a Motion to Remand (the "Motion"). Dkt. 15. Defendant opposed the Motion on July 24, 2019. Dkt. 18. Plaintiff filed a reply on July 31, 2019. Dkt. 24. A hearing on the Motion was held on August 26, 2019, and the matter was taken under submission. Dkt. 25.

For the reasons stated in this Order, the Motion is **GRANTED**, and the action is remanded to the Los Angeles Superior Court.

## II. Factual Background

Plaintiff is a citizen of California. Dkt. 1-2 ¶ 7. Plaintiff worked for Defendant from June 12, 2017, through January 2019. *Id.* ¶ 21. Defendant is a Delaware corporation doing business in California. *Id.* ¶ 8.

It is alleged that when Plaintiff applied for a job with Defendant, Defendant arranged for a background investigation of him. *Id.* ¶ 22. Defendant allegedly failed to provide proper disclosure and authorization forms to Plaintiff regarding his rights with respect to the information gathered pursuant to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

investigation, because the forms that were provided to him "contained extraneous and superfluous language and did not comport with the FCRA standalone disclosure and authorization requirement." *Id.* ¶ 23. It is further alleged that Defendant "maintained policies that provide for the unlawful forfeiture of vested vacation pay," and that Defendant's wage statements were inaccurate insofar as they failed to reflect all vacation hours earned and accrued. *Id.* ¶¶ 24-32.

The Complaint seeks monetary relief based on the amount of unpaid wages, actual damages, liquidated damages, restitution, declaratory relief, pre-judgment interest, statutory penalties, costs and attorney's fees. *Id.* at 18-19.

### III. Analysis

#### A. General Legal Standards

##### 1. Removal and Remand

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

##### 2. Federal Question Jurisdiction

28 U.S.C. § 1331 provides original jurisdiction in district courts over civil actions "arising under the Constitution, laws, or treaties of the United States." Pursuant to the well-pleaded complaint rule, "a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Hawaii ex rel Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Similarly, "removal cannot be based on a . . . cross-claim . . . raising a federal question; to hold otherwise would allow defendants to determine the removability of a case." *Le v. Young Champions Recreation Programs*, No. SA CV 08-414AHSRNBX, 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008). Thus, the operative analysis calls for an examination of the complaint alone. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

Courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California ex rel. Sacramento Metro. Air*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

*Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). A defendant's answer or counterclaim, for example, cannot create federal question jurisdiction where that question is not "presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

    B.    Application

        1.    <u>Legal Standards with Respect to Standing</u>

Plaintiff argues that, because Defendant has failed to establish that Plaintiff has Article III standing to bring any of his federal claims, there is no federal question jurisdiction over the two FCRA claims. From this, Plaintiff argues that remand is required. Dkt. 15 at 4-5. "Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (internal quotation marks and citation omitted). "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (citing *Spokeo, Inc. v. Robins* ("*Spokeo II*"[1]), 136 S. Ct. 1540, 1547 (2016)) (internal quotation marks and alteration omitted). Because the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). However, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

Plaintiff does not deny that his injury, if any, was fairly traceable to Defendant's conduct. Nor does Plaintiff deny that redress can be achieved by a favorable decision in a judicial proceeding. Because there is not an independent basis to contest these elements of the standing analysis, only the injury-in-fact requirement is disputed.

"A plaintiff establishes injury in fact, if he or she suffered '"an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" *Van Patten*, 847 F.3d at 1042 (quoting *Spokeo II*, 136 S. Ct. at 1548). However, "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Even then, Article III standing requires a concrete injury." *Robins v. Spokeo, Inc.* ("*Spokeo III*"), 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 931 (2018) (internal quotations and alteration omitted).

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist," and be "real" rather than "abstract." *Spokeo II*, 136 S. Ct. at 1548 (citations omitted); *see also Spokeo III*, 867 F.3d at 1112 ("To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that actually exists in the world; there must be an injury that is real and not abstract or merely procedural.") "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Spokeo II*, 136 S. Ct. at 1549. "Although tangible injuries are perhaps easier to recognize . . . intangible injuries can nevertheless be concrete." *Id.* For example, "Congress may 'elevat[e] to the status of legally cognizable injuries

---

[1] Vacating and remanding *Robins v. Spokeo, Inc.* ("*Spokeo I*"), 742 F.3d 409 (9th Cir. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan*, 504 U.S. at 578). Thus, although "*some* statutory violations, alone, do establish concrete harm," *Spokeo III*, 867 F. 3d at 1113, "[i]n determining whether an intangible injury is sufficiently concrete, both history and the judgment of [the legislature] play important roles." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017) (internal citation and quotation marks omitted). Where a statute provides a substantive, rather than procedural right, to establish standing a plaintiff need not plead any harm other than a violation of the statute. *Id.*

2. Standing as to the FCRA Claims

As noted, Plaintiff has advanced two FCRA claims: (i) violation of Section 1681b(b)(2)(A), and (ii) violation of Sections 1681d(a)(1) and 1681g(c). Dkt. 1-2 at 1. The concreteness of the alleged injuries resulting from each is addressed in the following discussion.

a) First Cause of Action: Violation of 15 U.S.C. § 1681b(b)(2)(A)

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -- (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A).

The Complaint alleges that Defendant's disclosures regarding the reports it sought to obtain in connection with the background investigation of Plaintiff were not compliant with the statute. Dkt. 1-2 ¶ 23. Thus, it alleges that they contained extraneous information, which was not permitted under the FCRA requirement that the relevant documents must "consist[] solely of the disclosure" and be "clear and conspicuous." Dkt. 1-2 ¶¶ 42, 47. Plaintiff argues that this alleged violation is "merely one to vindicate procedural violations of applicable credit reporting laws," and that he did not suffer any resulting, concrete injury. Dkt. 15 at 5.

"[V]iolation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm." *Spokeo II*, 136 S. Ct. at 1550. Nevertheless, violations of Section 1681b(b)(2)(A) may also give rise to concrete injury, when the allegations are sufficient to support the inference that a plaintiff "was deprived of the right to information and the right to privacy guaranteed by [the] Section." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). Such a finding requires the reasonable inference that the violation caused actual confusion. *Id.* ("We can fairly infer that Syed was confused by the inclusion of the liability waiver and would not have signed it had it contained a sufficiently clear disclosure."). Where there are insufficient allegations to warrant such an inference, a complaint fails to state a basis for concrete harm. *Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101-EJD, 2018 WL 3046507, at *5 (N.D. Cal. June 20, 2018); *accord Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) ("[The]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

complaint is devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing.").

Because the allegations in the Complaint do not state, or permit the inference, that Plaintiff was confused by the extraneous information, the alleged harm resulting from any violation of this Section is not sufficiently concrete to establish Article III standing for Plaintiff to assert this claim. Consequently, it cannot provide the basis for federal jurisdiction over this action.

> b) Second Cause of Action: Violations of 15 U.S.C. §§ 1681d(a)(1), 1681g(c)

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless -- (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title . . . .

15 U.S.C. § 1681d(a).

Section 1681d(b), which is referenced, requires notice of the right to obtain a disclosure of the "nature and scope of the investigation requested." Section 1681g(c), which is also referenced, requires that the subject of a report be given notice of the right to obtain a copy of it, and that he or she can do so without incurring any charge. It also provides that the subject of the report has the right to dispute information contained in it, the right to obtain his or her credit score. *Id.* Finally, it provides that the subject of the report must be advised about how to make a request for any of these actions. *Id.*

The Complaint alleges that Defendant failed to make sufficient disclosures regarding its background investigation. Dkt. 1-2 at ¶¶ 22-23. Specifically, it alleges that the disclosure form used by the Defendant did not have information about either the nature and scope of the investigation that would be conducted, or Plaintiff's right to obtain a copy of any report that was completed. *Id.* ¶¶ 56-61. Thus, unlike in the first cause of action, in which the inclusion of extraneous information gave rise to a risk of confusion, the second claim alleges that Defendant failed to provide certain, required information. The issue presented is whether this is a sufficient alleged harm to provide a basis for standing.

One court in this District concluded in a thoughtful opinion that such allegations, without more, are sufficient to allege a concrete injury sufficient to support standing. *Perez v. Ensign Servs., Inc.*, No. 8-16-CV-1914-JLS, 2017 WL 8181145, at *4 (C.D. Cal. Jan. 19, 2017). *Perez* determined that allegations of omitted disclosures raised "no question, as . . . with [a] Section 1681b(b)(2)(A) claim, whether [a plaintiff] was adequately informed of her rights under the FCRA and of potential intrusions into her private affairs; according to her allegations, she was not." *Id.* "The Supreme Court has stated on more than one occasion that the failure to provide information that a plaintiff is entitled to under a statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

constitutes a concrete injury." *Id.* (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982)). Accordingly, *Perez* concluded that the plaintiff "was concretely harmed when the disclosures were not made to her," whether or not the plaintiff would have acted on them. *Id.*; *cf. Lee v. Hertz Corp.*, No. 15-CV-04562-BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016) (denying standing as to a § 1681b violation because plaintiff had not alleged that required disclosures were lacking, but noting that "the deprivation of statutorily mandated information can cause an intangible but concrete harm").

It is significant, however, that *Perez* was decided prior to *Spokeo III*. Several district courts have determined that the standards established by *Spokeo III* require an outcome contrary to the one reached in *Perez*. *See* Dkt. 24 at 8-9 (collecting cases). These decisions principally concern alleged violations of § 1681b, but the complaints in those actions also included Section 1681d(a)(1) and 1681g(c) claims. For example, in *Williams*, a plaintiff alleged that a disclosure form "fail[ed] to notify consumers of the right . . . [to] a complete and accurate disclosure of the nature and scope of the investigation," or of the right "to obtain a copy of a consumer report from each consumer reporting agency." *Williams*, 2018 WL 3046507, at *2. Nevertheless, the court found that the plaintiff suffered no concrete injury. *Id.* at *5. However, the decision did not analyze the Section 1681d(a)(1) or 1681g(c) claims, instead focusing entirely on whether the plaintiff was confused by the form that was provided to her, which provided the basis for her claim under Section 1681b. *Id.*; *see also Arzaga v. MemorialCare Med. Grp.*, No. 2-19-CV-00889-SVW, 2019 WL 1557446, at *1-2 (C.D. Cal. Apr. 10, 2019) (remanding action because concrete injury was lacking where there are no allegations either of confusion or that the plaintiff would have not consented if compliant disclosures had been made).

One district court has issued a decision post-*Spokeo III* that more closely examines the concreteness of injuries resulting from alleged violations of Sections 1681(d)(a)(1) and 1681g(c)). *See Rotor v. Signature Consultants, LLC*, No. 18-CV-07526-JST, 2019 WL 3246535, at *5-6 (N.D. Cal. July 19, 2019). *Rotor* agreed that no concrete injury results from an extraneous-information violation without allegations or resulting confusion. *Id.* at *4-5. The decision "reache[d] the same conclusion for Rotor's claim that Signature did not provide the complete summary of rights required by 15 U.S.C. §§ 1681d(a)(1) and 1681g(c)." *Id.* at *5. The court observed that the removing party has the burden to demonstrate that "an informational injury . . . is actionable without additional concrete harm," through discussion either of "the 'Congressional judgment' underlying the requirement or analogous 'historical practice' in the common law." *Id.* (citing *Eichenberger*, 876 F.3d at 983). Remand was warranted, because where the removing party had not attempted to make such a showing, "the Court need delve no deeper." *Id.*

Unlike the defendant in *Rotor*, Defendant here has argued that "deprivation of information and disclosure entitlements" creates the "precise harms that Congress sought to protect by enacting the FCRA." Dkt. 18 at 12, 14. Defendant otherwise relies primarily on the reasoning in *Perez*; i.e., omitting a required disclosure is a different type of wrong than concealing a disclosure within extraneous information, and that the corresponding injury is always concrete. Dkt. 18 at 10-11.

As noted above, *Perez* must be viewed in light of the later-decided *Spokeo III*, which includes the test for assessing whether an alleged statutory violation results in concrete harm:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

> [T]he mere fact that Congress said a consumer . . . may bring such a suit does not mean that a federal court necessarily has the power to hear it. . . . [W]e thus ask (1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.

*Spokeo III*, 867 F.3d at 1112-13.

Although Defendant did not expressly address this analytical framework, it does argue that the broad purpose of the FCRA was confirmed in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 53 (2007) ("Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.") Dkt. 18 at 12. While *Safeco* also established that the "FCRA provides a private right of action against businesses that use consumer reports but fail to comply," 551 U.S. at 47, this is not dispositive as to standing in light of *Spokeo II* and *III*. Both of those decisions make clear that not all violations of the FCRA cause concrete injury. Such an injury results only from those FCRA violations that limit the accuracy of consumer reports or result in unauthorized disclosures of information. Such injuries are "closely similar in kind to others that have traditionally served as the basis for lawsuit;" i.e., defamation and invasion of privacy. *Spokeo III*, 867 F.3d at 1115. Moreover, under these standards, a plaintiff "must allege more than a bare procedural violation of the statute that is 'divorced from the real harms' that FCRA is designed to prevent." *Id*. Thus,

> in many instances, a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures. For example, a reporting agency's failure to follow certain FCRA requirements may not result in the creation or dissemination of an inaccurate consumer report. *See Spokeo II*, 136 S. Ct. at 1550. In such a case, the statute would have been violated, but that violation alone would not materially affect the consumer's protected interests in accurate credit reporting. . . . [Furthermore], even if Congress determined that inaccurate credit reporting generally causes real harm to consumers, it cannot be the case that every trivial or meaningless inaccuracy does so.

*Id.* at 1115-16.

The Ninth Circuit did not expressly address Sections 1681d(a)(1) and 1681g(c) in *Spokeo III*. However, most Circuits that have applied *Spokeo II* while addressing whether alleged disclosure violations alone are sufficient to establish standing have concluded that they are not. Thus, the Fourth Circuit held that a "constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled *and* that the denial of that information creates a "real" harm with an adverse effect. *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017) (citing *Spokeo II*, 136 S. Ct. at 1549) (emphasis in original). Where no party identifies "either a common law analogue or a harm Congress sought to prevent, [one] is left with a statutory violation divorced from any real world effect." *Id.* at 346. *Dreher* distinguished certain FCRA harms from those "informational injur[ies]" that the Supreme Court determined can constitute injuries-in-fact; i.e., those relied upon by *Perez*. *Id.* at 345. (distinguishing *Akins*, 524 U.S. at 21, in which failure to disclose certain information did cause actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

harm, because the public was unable to evaluate candidates for office without it).

Similarly, the Sixth Circuit concluded that an FCRA failure-to-disclose violation "did not harm [plaintiff's] interests because it had no adverse consequences," and was "irrelevant to any credit assessment . . . The horizontal separation of powers prevents Congress from flattening Article III's limitations by defining harmless procedural violations -- or for that matter anything at all -- as injuries in fact." *Huff v. Telecheck Servs., Inc.*, 923 F.3d 458, 465-66 (6th Cir. 2019); *cf. id.* at 470 (White, J., dissenting) (FCRA procedural rights "reduce the concrete risk that inaccurate information about [consumers] would be disclosed," and are part of an interlocking statutory scheme that protects "the consumer's right to his file with his ability to correct inaccurate information").

By contrast, in an unpublished decision about the Fair Debt Collection Practices Act, rather than the FCRA, the Eleventh Circuit adopted an analysis that supports Defendant's position here. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016). *Church* held that where a plaintiff alleged that she did not receive certain required disclosures by debt collectors, "[t]he invasion of Church's right to receive the disclosures is not hypothetical or uncertain," and "this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *Id.* However, this decision has been questioned by other courts. *See, e.g., Casillas v. Madison Avenue Assocs.*, 926 F.3d 329, 338 n.7 (7th Cir. 2019) ("*Church* does not give us pause. . . . [I]t is an unpublished opinion . . . [and] to the extent that *Church* generally recognizes a bare procedural violation of any disclosure requirement as a concrete injury, it is at odds with [precedents]."); *see also Nokchan v. Lyft, Inc.*, No. 15-CV-03008-JCS, 2016 WL 5815287, at *7-9 (N.D. Cal. Oct. 5, 2016) (collecting cases rejecting *Church* and finding it inconsistent with *Spokeo II*).

The Complaint alleges that Defendant has "willfully violated . . . the FCRA, including but not limited to, section[] . . . 1681(d)(a)," and that as a result, "Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded." Dkt. 1-2 at ¶ 52. This is an allegation of a procedural violation, without "real" harm. The Complaint does not allege that Plaintiff was unable to obtain a copy of any report ordered by Defendant. Nor does it allege that Plaintiff could not dispute any information contained in such a report because Defendant prevented him from learning about his right to do so. Nor does he allege either that he would have withheld consent for obtaining the report if the undisclosed information had been provided to him or that inaccurate information in the report compromised his ability to get a job. Without such allegations, a procedural violation of the relevant Sections remains "divorced from any concrete harm," and "fails to satisfy Article III's injury-in-fact requirement." *Syed*, 853 F.3d at 499 (quoting *Spokeo II*, 136 S. Ct. at 1549).

* * *

The requirements of Article III standing have not been met as to any of Plaintiff's federal claims. Therefore, Defendant has not carried its burden of showing that there is federal question jurisdiction to hear this action.

### 3. Dismissal or Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This case was removed on the basis of federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04288 JAK (MRWx) | Date | September 5, 2019 |
| Title | Paul E. Loeb v. ZipRecruiter, Inc., et al. | | |

jurisdiction. In limited circumstances, dismissal of such claims may be appropriate. Here, however, remand is warranted. Dismissal is permitted "only when the eventual outcome of a case after remand is so clear as to be foreordained." *Polo v. Innoventions Int'l*, 833 F.3d 1193, 1198 (9th Cir. 2016). The resolution of Plaintiff's FCRA claims in state court is not certain, because "[t]he constraints of Article III do not apply to state courts." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). Because 15 U.S.C. § 1681p grants concurrent state and federal jurisdiction over FCRA claims, and whether Plaintiff has standing to pursue then in the Superior Court is uncertain, "[r]emand is the correct remedy." *Polo*, 833 F.3d at 1196.

**IV.     Conclusion**

For the reasons stated in this Order Motion is **GRANTED**, and the action remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse, as Case No. 19STCV11091.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |